547 A.2d 483

Regina McHale, Appellant *v.* Larry Cole et al., Appellees.

Argued December 15, 1987, before President Judge CRUMLISH, JR., and Judges BARRY and COLINS, sitting as a panel of three.

*Edward C. Mintzer, Jr.,* with him, *Anthony F. Zabicki, Jr., McWilliams & Mintzer, P.C.,* for appellant.

*John O'Rourke,* with him, *Cheryl L. Young, McTighe, Weiss, Stewart, Bacine & O'Rourke, P.C.,* for appellees.

OPINION BY JUDGE BARRY, September 8, 1988:

Regina McHale (appellant) appeals an order of the Court of Common Pleas of Montgomery County which granted the motion of the Borough of Norristown (Borough) for summary judgment.

Appellant was raped and severely beaten by Larry Cole in a ladies' restroom in Elmwood Park located in the Borough. Appellant brought a trespass suit against the Borough and others.[1] The trial court granted the

---

[1] Appellant also appeals the trial court's decision to grant a motion for summary judgment by defendants Montgomery County

Borough's motion for summary judgment opining that the Borough was immune from suit under Section 8541 of the Judicial Code, 42 Pa. C. S. §8541 (Code), since the actual injury was caused by the criminal acts of a third party and cannot be attributable to the Borough.

Appellant alleges that the Borough is not immune from suit as this action falls into the real estate exception to governmental immunity under Section 8542(b)(3) of the Code, 42 Pa. C. S. §8542(b)(3). Appellant contends that the Borough failed to provide a safe restroom area by failing to install adequate and effective locks on the restroom doors. She also contends that the Borough knew that this restroom area was not safe and that other incidents of assaults, rapes and drug dealings had occurred in the restroom.

Rule 1035 of the Pennsylvania Rules of Civil Procedure provides a summary method for the determination of legal disputes where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa. R.C.P. No. 1035(b). Entry of summary judgment may be granted only in cases where the right is clear and free of doubt. *Consumer Party of Pennsylvania v. Commonwealth,* 510 Pa. 158, 175, 507 A.2d 323, 331 (1986). The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law, is on the moving party, and the record must be examined in the light most favorable to the non-moving party. *Miller v. Leljedal,* 71 Pa. Commonwealth Ct. 372, 455 A.2d 256 (1983). In this case the Borough alleges that it is immune from this suit and that as a matter of law summary judgment is proper. We must determine that the Borough has met the burden of establishing

---

Medical Services, Inc., Dr. Naomi Dank, Ken Courage, and George Kappler. The motion for summary judgment of this part of the trial court's decision is addressed in a separate opinion.

that it is entitled to summary judgment as a matter of law.

Section 8541 of the Code provides:

Except as otherwise provided in this sub-chapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by an act of the local agency or an employee thereof or any other person.

42 Pa. C. S. §8541.

Section 8542 of the Code provides eight specific exceptions to this grant of immunity from liability. This section states:

(a) Liability imposed—A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 . . .

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties . . .

(b) Acts which may impose liability—The following acts by a local agency or any of its employees may result in the imposition of liability of a local agency.

(3) Real property—The care, custody or control of real property in the possession of the local agency, except that the local agency will not be liable for damages on account of any injury sus-

tained by a person intentionally trespassing on real property in possession of the local agency . . .

42 Pa. C. S. §8542.

We believe that *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), clearly entitles the Borough to summary judgment. In *Mascaro,* the Supreme Court stated that the real estate exception to the general grant of tort immunity to a political subdivision does not encompass the criminal acts of third parties. The Court stated:

> [T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.

*Id.* at 363, 523 A.2d at 1124. (Emphasis in original.)

In the current case, the Borough's failure to maintain locks on the restroom doors is not the actual cause of the injury, but is only a facilitating factor. The actual cause of appellant's injuries was the criminal acts of a third party. The actions of the Borough, assuming that they did indeed negligently maintain the facility, cannot entitle appellant to recover damages. Therefore, the trial court did not err in granting the Borough's motion for summary judgment.

## ORDER

Now, September 8, 1988, the order of the Court of Common Pleas of Montgomery County, dated January 23, 1987, entered at No. 80-18538, which grants the Borough's motion for summary judgment is affirmed.